UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                            CASE NO.

**JAMES MICHAEL WATSON**                          **03-13355**

DEBTOR                                            CHAPTER 7


**SECURITY RESOURCES, L.L.C.**                    ADV. NO.
**and INTERFACE SECURITY**
**SYSTEMS, L.L.C.**                               **04-1005**

PLAINTIFFS

V.

**JAMES MICHAEL WATSON**

DEFENDANT


## <u>MEMORANDUM OPINION</u>

Debtor James Michael Watson moved to strike from the record the Amended Complaint Objecting to Debtor's Discharge [sic], Alternatively, Excepting Debts from Debtor's Discharge ("Amended Complaint") filed by Security Resources, L.L.C. ("Security") and Interface Security Systems, L.L.C. ("Interface"). The Court will deny the motion.

Security and Interface filed their complaint against the debtor on January 30, 2004, eight days before the February 7, 2004 deadline for filing discharge and dischargeability complaints. The original complaint objected to the debtor's discharge under 11 U.S.C. §727(a)(2) and (4), and also to the dischargeability, under 11 U.S.C. §523(a)(6), of the debt allegedly owed by him to Security and Interface. Watson answered the original complaint on March 2, 2004.

The Court's March 24, 2004 Scheduling Order set the deadline for filing an amended complaint as April 1, 2004. On that date, Security and Interface filed the Amended Complaint. The amendment does not add any new grounds for opposing discharge or dischargeability, but does allege supporting facts beyond those set forth in the original complaint, apparently in an attempt to bolster the plaintiffs' claims under §727(a)(2).

Watson seeks to strike the amended complaint on the grounds that it is untimely, was filed without leave of court and does not relate back to the original complaint. Security and Interface respond that the amended complaint is timely because it was filed before the deadline in the Scheduling Order and, thus, leave to amend was not necessary.

Rule 7015(a) of the Federal Rules of Bankruptcy Procedure provides that, once a responsive pleading is filed, the party filing the original pleading may amend only with leave of court or written consent of the adverse party. However, Rule 7015 must be construed with other applicable Rules of the Bankruptcy Procedure. Bankruptcy Rules 4004(a) and (b) and 4007(c), which are substantially similar to each other, specify the deadlines for filing objections to discharge and dischargeability.[1] In considering Rule

---

[1] Fed. R. Bankr. P. 4004 provides in relevant part:

(a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.

In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under §727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). . . .

(b) Extension of Time.

On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007 provides in relevant part: (footnote continued on next page)

4007(c), the Fifth Circuit has stated that "[t]he bankruptcy court can extend the time only if the creditor has filed a motion before the 60-day period expires, and then only 'for cause.'" *Neeley v. Murchison,* 815 F.2d 345, 346 (5th Cir. 1987). *See also In re Lazenby*, 253 B.R. 536, 538 (Bankr. E. D. Ark. 2000) (where the court noted that both Rules 4004(a) and 4007(c) "state time limitations that are strictly construed.") Thus, Security and Interface should have moved for leave to amend their complaint before the February 7, 2004 deadline, to preserve the Court's power to grant them leave to amend.

Adding another layer of complexity to the issue raised here is Bankruptcy Rule 7016(b), which directs bankruptcy courts to enter scheduling orders in adversary proceedings that limit the time for, *inter alia*, amending pleadings. This rule must be read in conjunction with applicable provisions of the Bankruptcy Code, specifically 11 U.S.C. §105(d). That section of the Code allows a bankruptcy court to render orders "prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically" as long as the orders are not inconsistent with other provisions of title 11 or the Bankruptcy Rules. Scheduling orders entered pursuant to Bankruptcy Rule 7016(b) must not be construed to revive the time periods prescribed by Bankruptcy Rules 4004(b) and 4007(c), because a court generally lacks discretion to extend those time periods once they have expired. *Byrd v. Alton*, 837

---

(c) Time for Filing Complaint Under §523(c) in a Chapter 7 Liquidation . . .; Notice of Time Fixed.

A complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). . . . On motion of a party in interest, after hearing on notice, the court may extend the time fixed under this subdivision. The motion shall be fixed before the time has expired.

F.2d 457, 459 (11th Cir. 1988); *Neeley,* 815 F.2d at 345; *In re Reese*, 87 B.R. 609, 612 (9th Cir. BAP 1988).[2]

The Fifth Circuit has held that Rule 16(b) governs amendment of pleadings in a case where a scheduling order has been entered. *S & W Enterprises, L.L.C. v. Southtrust Bank of* Alabama, 315 F.3d 533, 535 (5th Cir. 2003); *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  However, those cases stand for the proposition that once the time for amending pleadings contained in a scheduling order has expired, *leave to amend* is governed by the "good cause" standard of Rule 16(b), rather than the more liberal "freely given when justice so requires" standard of Rule 15(a).  Nothing in the decisions suggests that Rule 15(a)'s requirement that a plaintiff obtain leave to amend after a responsive pleading is filed is abrogated or superseded by the entry of a Rule 16 scheduling order.

Plaintiffs filed an amended complaint objecting to discharge and dischargeability filed, without leave of court, after the original complaint was answered and almost two months after the bar date for filing discharge/dischargeability complaints.  Although an amended pleading filed without leave of court generally has no legal effect, the Fifth Circuit in *United States v. Healthsouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) recognized an exception to this rule when leave "'would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.'"  *Id*. at 295, *quoting* 6 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE

---

[2]  In some extraordinary circumstances courts outside the Fifth Circuit have allowed untimely discharge and dischargeability complaints.  The three categories of circumstances in which these late filings have been approved are: (1) failure of the debtor to list the creditor in the schedules; (2) reliance on an erroneous bar date notice from the clerk; and (3) a timely filed complaint returned by the clerk due to a procedural deficiency problem.  *In re Tucker*, 263 B.R. 632, 637 (Bankr. M.D. Fla. 2001) (citations omitted).

§1484, at 601 (2d ed. 1990).  In this case, the only way to give effect to the amended complaint is to consider whether this is a situation that fits within the *Healthsouth* exception.

The Amended Complaint adds no additional theories of relief, though it does include additional factual details concerning the assets in question and the transfers to Jennifer Watson in an apparent attempt to bolster the transfer and concealment claims under Bankruptcy Code §727(a)(2).  An amended pleading relates back to the date the original pleading was filed when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Bankruptcy Rule 7015(c) (incorporating Fed. R. Civ. P. 15(c)(2)).  So if "the original pleading gives fair notice of the factual situation from which the claim or defense arises, an amendment which merely makes more specific what has already been alleged, will relate back even though the statute of limitations has run in the interim."  3 MOORE'S FEDERAL PRACTICE §15.15[3-2] at 15-147-8 (2d ed. 1995).

The original complaint notified Watson of the factual basis and the legal grounds for the creditors' claims.  The amendment gave more specific details about the assets allegedly concealed and alleged fraudulent transfers to the debtor's wife.  It did not include any conduct, transaction or occurrence not set out in the original complaint, or change the nature of the plaintiffs' claims.  Accordingly, the amended complaint relates back to the date of filing of the original complaint, and the debtor will not be prejudiced by an amendment now.  The Court therefore would have granted the plaintiffs leave to amend had it been sought, and now does so.  *Healthsouth Corp.*, 332 F.3d at 296.

Although the Amended Complaint was untimely filed, and without leave of court, the ruling in *Healthsouth* persuades the Court that it should be deemed properly filed. For these reasons the Motion to Strike Amended Complaint will be denied by separate order.

Baton Rouge, Louisiana, September 29, 2004.


**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE