UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **JAMES MICHAEL WATSON** | **03-13355** |
| DEBTOR | CHAPTER 7 |
| | |
| **SECURITY RESOURCES, L.L.C.** **and INTERFACE SECURITY SYSTEMS, L.L.C.** | ADV. NO **04-1005** |
| PLAINTIFFS | |
| V. | |
| **JAMES MICHAEL WATSON** | |
| DEFENDANT | |

## MEMORANDUM OPINION

The debtor/defendant, James Michael Watson, has moved for partial summary judgment on plaintiffs' objection to his discharge under 11 U.S.C. §727, as set out in the Complaint Objecting to Debtor's Discharge [sic], Alternatively, Excepting Debts from Debtor's Discharge filed by plaintiffs, Security Resources, L.L.C. ("Security") and Interface Security Systems, L.L.C. ("Interface"). [1]

### FACTS

James Watson filed a chapter 7 petition on October 22, 2003. His original schedules and statement of financial affairs were filed on November 20, 2003. Security

---

[1] Security and Interface filed an Amended Complaint on April 1, 2004 which added more detailed facts concerning the assets in question and the transfers to Jennifer Watson, but did not change the essential nature of the claims asserted in the original complaint. The Court denied the debtor's Motion to Strike Amended Complaint. Therefore, the Court has considered the factual and legal allegations as contained in the amended complaint in connection with debtor's partial summary judgment motion.

and Interface object to the debtor's discharge under Bankruptcy Code sections 727(a)(2) and (a)(4). They allege that the debtor failed to disclose certain assets and transfers (most of which were made to his wife, Jennifer Watson) in his schedules and statement of financial affairs and at his section 341 meeting of creditors. Accordingly, they contend that Watson is not entitled to a discharge because he improperly concealed property and made false oaths.

More particularly, Security and Interface allege that:

(1) the debtor noted on his schedule of exempt property a New York Life Insurance Policy with a value of zero, but failed to disclose until a January 20, 2004, Rule 2004 examination that he had received $200,000 in pre-death benefits from the policy and deposited the funds into his wife's checking account;

(2) the debtor did not disclose a May 16, 2002 community property settlement in which he transferred certain community property to his wife;

(3) the debtor also failed to disclose that he transferred ownership of a 2002 Chevrolet Tahoe Z-71 and a 2002 BMW 325Ci to his wife in the settlement;

(4) the debtor failed to disclose the July 11, 2002 transfer of his interest in the former family home to his wife in connection with the settlement;

(5) the debtor did not disclose that he received certain accounts receivable and service contracts pursuant to a sale of assets of Emergency Alert, Inc., a corporation he owned, and then transferred those accounts and contracts to Mrs. Watson some time after September 9, 2002;[2] and

(6) the debtor did not disclose that he received golf clubs, a wine collection and an entertainment system in the community property settlement.

Security and Interface also allege that the debtor lied when he affirmed under oath to the trustee at the §341 meeting that his original schedules and statements contained correct information. The debtor filed amended schedules and statements on December

---

[2] Jennifer Watson filed articles of incorporation for Preferred Sound, Security and Surveillance, L.L.C., the company to which the debtor transferred the Emergency Alert contracts and accounts, with the Louisiana Secretary of State on September 9, 2002.

2

19, 2003 after the meeting of creditors.  The plaintiffs allege that the amended schedules and statements omit information requested by the trustee at the §341 meeting regarding the disposition of the funds obtained from New York Life and deposited into Jennifer Watson's checking account.

The statement of undisputed material facts filed with the debtor's motion admits that all the challenged property transfers took place, albeit more than one year pre-petition, and concedes that he did not disclose the transfers, or the property, in his schedules or statement of financial affairs.  Watson also claims that he no longer owned the property when he filed bankruptcy, and so was not required to schedule it.  In support of these contentions, Watson attached to his supporting memorandum a relevant part of the transcript of his Rule 2004 examination by Security's attorney.  The transcript shows Watson testified that the golf clubs he received in the community property settlement were lost or stolen at Sherwood Forest Country Club more than one year before he filed bankruptcy, and that the wine collection was consumed.  The debtor contended that his schedule B disclosed the entertainment system, except for the speakers, which he apparently had to leave in his home upon its sale to a third party in September 2003.

In opposition to Watson's motion, Security and Interface submitted a portion of the same Rule 2004 examination transcript comprising the debtor's testimony concerning the insurance proceeds.  The debtor testified that he received the insurance proceeds check in April 2002 and deposited it into his wife's checking account.  He claimed that his wife used all the funds, but acknowledged that some of the money was spent to buy him a new truck.  The transcribed testimony did not reveal when the money was deposited into the checking account, when the truck had been purchased or the date by

which Jennifer Watson had spent all the funds. Plaintiffs' opposition alleges that the trustee asked the debtor at the §341 meeting for documents confirming the disposition of the insurance funds, but that the debtor has not provided them.

Finally, Security and Interface also argue that when the trustee asked the debtor at the §341 meeting about any transactions occurring within *three* years before the bankruptcy, the debtor said there were none. They claim that only later did he admit that he received the insurance proceeds in April 2002.

## ANALYSIS

1. <u>Plaintiffs Have Not Raised A Genuine Issue of Material Fact.</u>

Security and Interface did not submit a transcript of the §341 meeting with their opposition, or any supporting documents or affidavits (apart from the two pages of Rule 2004 testimony) that would support their version of the debtor's testimony at the meeting of creditors. According to Rule 9014-1(c) of the Rules of this Court, a party opposing a motion in writing must include with their response opposing affidavits and "such supporting documents as are then available." Nor was the opposition accompanied by the statement of disputed material facts that is required by Rule 7056-1(b) of the Local Rules. Rule 7056-1(b) also provides in part: "all material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of th[e] motion, unless controverted as required by this Rule."

These local rules find their origin in Rule 56(e) of the Federal Rules of Civil Procedure, which specifies the method for opposing a motion for summary judgment. In relevant part, Rule 56(e) provides:

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the

4

> mere allegations or denials of the adverse party's pleading, but
> the adverse party's response, by affidavits or as otherwise provided
> in this rule, must set forth specific facts showing that there is a
> genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the
> adverse party.

Security and Interface did not properly support their opposition to the debtor's motion for summary judgment, either as required by Rule 56(e) or Local Rules 7056-1(b) and 9014-1(c).  The opposition is not accompanied by a transcript of the meeting of creditors where the debtor allegedly lied, or an affidavit, or the statement of disputed material facts to contradict Watson's statement of undisputed material facts.  Accordingly, the facts as stated by the debtor are deemed admitted for purposes of the motion for partial summary judgment.[3]

2. No Duty to Disclose the Assets or Prepetition Transfers.

Section 727(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. §727(a)(2)(A), commands the Court to deny a chapter 7 discharge to a debtor who --

> with intent to hinder, delay, or defraud a creditor or an
> officer of the estate charged with custody of property
> under this title, has transferred, removed, destroyed,
> mutilated, or concealed, or has permitted to be transferred,
> removed, destroyed, mutilated, or concealed –
>
> (A) property of the debtor, within one year
> before the date of the filing of the petition . . . .

To justify denial of discharge under §727(a)(2)(A), transfers of a debtor's property must have taken place within one year prior to the filing of the case.  *In re Chastant*, 873 F.2d 89, 90 (5th Cir. 1989).  Concealment, in a §727(a)(2) action, includes withholding knowledge of an asset by failing or refusing to divulge required information.  *In re*

---

[3] Further, the opposition attempts to create factual disputes by making allegations concerning statements and inquiries made at the §341 meeting.  It did not support its allegations with the transcript of the meeting or any other relevant materials.

5

*Sowers*, 229 B.R. 151, 156 (Bankr. N.D. Ohio 1998), citing *In re Martin*, 698 F.2d 883 (7th Cir. 1983).

The debtor does not dispute that he made all of these transfers and that he did not disclose them in his bankruptcy schedules and statements. Nor does he dispute that he affirmed the correctness of the information in the schedules and statements at his §341 meeting. However, Watson's transfers to his wife took place in April, May, July and September 2002, more than one year before the debtor filed his bankruptcy petition. Thus, the transfers fall outside the scope of §727(a)(2)(A). In fact, Watson was under a duty to disclose in his statement of financial affairs only property that he transferred "*within one year immediately preceding the commencement of the case.*" (Emphasis added.) Statement of Financial Affairs, Question 10.

Moreover, Watson disclosed the entertainment system in his schedules, and explained what happened to the golf clubs and wine collection at his Rule 2004 examination. Because those assets did not belong to the debtor when he filed bankruptcy, he had no obligation to disclose them in his schedules. 11 U.S.C. §541(a)(1); Fed. R. Bankr. P. 1007(b)(1).

3. <u>No Proof of False Oath.</u>

Pursuant to 11 U.S.C. §727(a)(4), a debtor's discharge can be denied if he "knowingly and fraudulently, in or in connection with the case, made a false oath or account." To prevail under §727(a)(4), a creditor must prove:

>  (1) the debtor[s] made a statement under oath;
> 
>  (2) the statement was false;
> 
>  (3) the debtor[s] knew the statement was false;

>	(4) the debtor[s] made the statement with fraudulent intent; and

>	(5) the statement relates materially to the bankruptcy case.

*In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992).  False oaths sufficient to bar a discharge include "(1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at the examination during the course of the proceedings." *Id*.

The plaintiffs have not proven that the debtor's statements or the alleged omissions from his schedules were false.  Watson did not own the assets the plaintiffs claim he did not disclose, and he had no duty to disclose prepetition transfers which took place prior to one year before filing.  Although Security and Interface claim that Watson failed to reveal the transfers outside the one year period when asked at his meeting of creditors, they have failed to support their contentions as required by Rule 7056(e) and Local Rules 7056-1(b) and 9014-1(c), and therefore have not identified a genuine issue of material fact.  Accordingly, the plaintiffs have not proven that the debtor made a false oath, and the debtor is entitled to summary judgment dismissing the 11 U.S.C. §727(a)(4) claim of the amended complaint.

The defendant's Motion for Partial Summary Judgment is granted and the claims of the amended complaint brought under 11 U.S.C. §§727(a)(2) and (4) will be dismissed by a separate judgment.

Baton Rouge, Louisiana, September 29, 2004.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE